UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR GARCIA-VASQUEZ,<br><br>Defendant. | NO. CR-03-2245-RHW<br><br>**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** |

Before the Court is Defendant's Petition to Vacate, Set Aside, or Correct his Sentence in Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 59), filed May 12, 2005. Defendant pleaded guilty to Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and on October 13, 2004, was sentenced to 70 months of incarceration, 3 years of supervised release, a $100 special penalty assessment, and a restitution payment of $530 (Ct. Rec. 57).

### DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was not authorized by law; or (4) issues of collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** * 1

relief, the court shall cause notice thereof to be served upon the United States attorney." 28 U.S.C. § 2255. Pursuant to Rule 4(b), of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court may, *sua sponte*, dismiss the motion if "it plainly appears from the face of the moving party . . . that the movant is not entitled to relief" in district court.

Petitions filed under § 2255 have a 1-year period of limitation. 28 U.S.C. § 2255. The limitation period runs from the latest of: (1) the date on which the judgment of the conviction becomes final; (2) the date on which the motion is removed, if the movant was prevented from making a motion by governmental action; (3) the date on which the right asserted is recognized by the Supreme Court, if such right is retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through due diligence. *Id.* Defendant was convicted on October 13, 2004, and filed this petition on May 12, 2005. Thus, Defendant's petition is timely under part one of the statute.

Defendant is asserting that (1) his constitutional rights under the Sixth Amendment were violated because of ineffective assistance of counsel; and (2) that he was sentenced above the statutory maximum as a result of recent Supreme Court decisions (Ct. Rec. 59). Defendant asks the Court for a modification and correction of his sentence pursuant to 28 U.S.C. § 2255. In reviewing Defendant's § 2255 petition, it is clear that Defendant is not entitled to relief.

**I.    Sixth Amendment Right to Effective Assistance of Counsel**

Defendant contends that his sentence was imposed in violation of his Sixth Amendment right to effective assistance of counsel (Ct. Rec. 59). Defendant contends that his counsel misrepresented the conditions of his plea agreement. *Id.* Defendant also argues that his counsel failed to provide the Court with important mitigating evidence at sentencing that could have lead to downward departures. *Id.*

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** \* 2

Specifically, Defendant asserts his counsel failed to present evidence regarding: (1) aberrant behavior; (2) his status as a deportable alien; (3) early disposition; and (4) Defendant's minor participation in concerted activity. *Id.*

To establish ineffective assistance of counsel, Petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's representation must fall below an objective standard of reasonableness. *Id.* at 688. Under the two-prong test, Defendant must establish both that his lawyer's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. This test is also applicable when a defendant challenges the validity of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Hill*, 474 U.S. at 59. Disagreement with a strategic or tactical decision of counsel is an insufficient basis for a claim of ineffective assistance. *See Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance or what might be considered sound strategy. *Strickland*, 466 U.S. at 689.

### A.     Misrepresentation of Condition of Plea

Defendant asserts that his counsel misrepresented the conditions of his plea agreement (Ct. Rec. 59). Defendant contends that since he was not properly advised as to the ramifications of his guilty plea, his counsel performed deficiently. *Id.* Because Defendant sought a plea agreement that would not result in a long prison sentence, he believes his counsel was ineffective in reaching the resultant agreement.

The longstanding test for determining the validity of a guilty plea is

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** * 3

1  "whether the plea represents a voluntary and intelligent choice among the
2  alternative causes of action open to the defendant." *Hill*, 474 U.S. at 58.
3  A defendant who pleads guilty upon the advice of counsel may only attack the plea
4  by showing that the advice he received from counsel was not within the range of
5  competence demanded of attorneys. *See Tollett v. Henderson*, 411 U.S. 258, 267
6  (1973). The two-part standard in *Strickland* applies to guilty pleas; thus,
7  Defendant must establish that his counsel's performance was deficient and that the
8  deficient performance prejudiced his defense. *Hill*, 474 U.S. at 59. To satisfy the
9  latter requirement, Defendant must show that, absent his counsel's
10 ineffectiveness, there is a reasonable probability that he would not have pleaded
11 guilty
12 and would have insisted on going to trial. *Id*.

13      In the case at hand, Defendant was specifically asked whether any promises
14 were made to him for pleading guilty at his sentencing hearing. At the change of
15 plea hearing, Defendant was informed of the consequences of pleading guilty.
16 Defendant was specifically asked by the Court whether "anyone made any
17 promises to get [him] to plead guilty other than those contained in [his] plea
18 agreement" (Ct. Rec. ___). Defendant denied that any promises were made to him
19 for entering a guilty plea. *Id.* Under these circumstances, Defendant was not
20 misrepresented; he spoke for himself and was well informed of the penalties
21 associated with the guilty plea. *See id.*

22      **B.     Failure to Provide Mitigating Evidence at Sentencing**

23      Defendant asserts that his counsel's failure to present all the arguments
24 possible to mitigate his sentence amounts to a deficient performance of counsel
25 (Ct. Rec. 59). Defendant cites four arguments that could have been argued in his
26 defense to mitigate his sentence. *Id.* Each argument is meritless or was argued by
27 counsel, as stated in further detail below.

28      **1.     Aberrant Behavior**

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** * 4

Defendant asserts he is entitled to a downward departure for aberrant behavior, and his counsel failed to pursue such action (Ct. Rec. 59). Defendant is correct in asserting that his counsel did not seek a downward departure for aberrant behavior (Ct. Recs. 48 & 52). His counsel's decision not to seek this departure, however, was not deficient because Defendant did not qualify for such a departure.

The Ninth Circuit has looked to "the totality of the circumstances in determining whether there were single acts of aberrant behavior by the defendant that justify a downward departure." *United States v. Takai*, 941 F.2d 738, 743 (9th Cir. 1991). There is an aberrant behavior spectrum that determines whether this mitigating factor should be applied. *United States v. Dickey*, 924 F.2d 836, 839 (9th Cir. 1991) (finding that a man who had stolen cash dumped in his lap warranted a finding of aberrant behavior, while a defendant who engaged in a check-kiting scheme over a period of at least 15 months did not engage in aberrant behavior). Absence of prior convictions is not enough to show that the act in question was single and aberrant. *Takai*, 941 F.2d at 743. Furthermore, courts should not apply this departure to all first-time offenders because the Guidelines already adjust sentences based on a defendant's criminal history. *Dickey,* 924 F.2d at 838.

Here, Defendant's counsel was not deficient in concluding that Defendant's circumstances did not warrant a downward departure for aberrant behavior. Defendant sold a large amount of cocaine and methamphetamine to undercover agents on six separate occasions, spanning three months (Ct. Rec. 45). Defendant's involvement in the distribution had all the markings of a continuous, planned operation. While Defendant's actions may not reach the high-culpability end of the spectrum, they certainly do not demonstrate aberrant behavior. Thus, Defendant's constitutional rights were not violated when Defendant's counsel did not pursue this action.

**2.    Status as Deportable Alien**

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** * 5

Defendant contends his counsel was deficient in his pursuit of a downward departure as a consequence of his status as a deportable alien (Ct. Rec. 59). Defendant asserts that he should have been granted a two-point downward departure at sentencing because of his deportable status. *Id.*

Defendant is correct in arguing that district courts have legal discretion to depart downward because of a defendant's status as a deportable alien. *See United States v. Martinez-Ramos*, 184 F.3d 1055, 1057 (9th Cir. 1999). The Ninth Circuit has found that a court may depart based upon concession of deportability if such concession provides "an articulate benefit to the government or a colorable, non-frivolous defense to deportation." *United States v. Rodriquez-Lopez*, 198 F.3d 773, 777 (9th Cir. 1999).

Here, Defense counsel's performance was not deficient. Defense counsel made the argument for a downward departure based on Defendant's concession to deportation (Ct. Rec. 52). The argument specifically stated that deportation would "benefit the government by allowing it to conserve valuable resources." Therefore, Defendant's counsel attempted to mitigate the sentence by identifying "an articulate benefit to the government." *Rodriquez-Lopez,* 198 F.3d at 777. Thus, although the Court ultimately denied Defendant's motion for downward departure, it was not the result of deficient counsel.

### 3. Early Disposition

Defendant contends that his counsel was deficient because he failed to seek a downward departure for early disposition under U.S.S.G. § 5K3.1 (Ct. Rec. 59). Defendant believes that because he pleaded guilty and cooperated fully with the United States, he was entitled to a two-point downward departure for early disposition (Ct. Rec. 59).

Defendant incorrectly argues that his counsel was deficient in this regard. Under § 5K3.1, only the United States can move for an early disposition program to provide a defendant with a downward departure. U.S.S.G. § 5K3.1 ("[u]pon

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** \* 6

motion of the government, the court may depart downward . . . pursuant to an early disposition program . . . ."). Defendant's counsel could not have been deficient because he lacked the legal authority to initiate such a motion.

### 4. Minor Participation

Defendant contends that he played a minor role in concerted activity (Ct. Rec. 59). Defendant believes that he should have received a two- to four-level downward departure for his mitigating role, pursuant to U.S.S.G. § 3B1.2. Defendant asserts his counsel was deficient in his pursuit of this sentencing adjustment.

Defendant's counsel argued at sentencing for this exact departure in two separate memoranda (Ct. Recs. 48, 52). Counsel was adamant that Defendant was merely a middle man in the operation and lacked knowledge of the scope and structure of the underlying criminal enterprise. *See id.* As the sentencing guidelines make clear, "the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's assertion, that such a role adjustment is warranted." U.S.S.G. § 3B1.2, comment n.3(c). Defendant had engaged in multiple transactions over a three-month period, coordinated the sale of drugs for others, and was associated with a large amount of methamphetamine (Ct. Rec. 45). Defendant's counsel made diligent efforts to reduce Defendant's sentence for minor participation (Ct. Recs. 48, 52). Thus, even though Defendant's counsel was unsuccessful in making these arguments, it does not amount to a deficient performance.

## II. Downward Departure based on *Booker*

Defendant also contends that his sentence was imposed in excess of the maximum authorized by law (Ct. Rec. 59). Defendant asserts that recent case law justifies the Court vacating the sentence imposed and remanding for re-sentencing because Defendant's mitigating circumstances were not adequately taken into consideration. *Id.*

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** \* 7

In making his arguments, Defendant relies on two recent Supreme Court decisions that are inapplicable to his case, *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 125 S. Ct. 738 (2005).  Both cases cannot be applied to Defendant's § 2255 motion.  Courts have consistently held that neither *Blakely* nor *Booker* should be applied retroactively to cases on collateral review. *Schardt v. Payne*, 414 F.3d 1025, 1034 (9th Cir. 2005); *Cirilo-Munoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Furthermore, the Supreme Court specifically stated in *Booker* that its holdings apply "to all cases on direct review."  125 S. Ct. at 769.  This statement evidences the Supreme Court's intent that *Booker* should not be applied retroactively to cases on collateral review.  *See id.*  Since *Booker* was not decided until January 12, 2005, and judgment was entered against Defendant on October 20, 2004, the application of *Booker* would be retroactive (Ct. Rec. 57); *Booker,* 125 S. Ct. at 738.  *Booker* is inapplicable to Defendant's petition.

Moreover, although *Blakely* was decided prior to Defendant's sentencing hearing, Defendant cannot find relief from *Blakely*. *(*542 U.S. at 296).  Defendant was sentenced under the Federal Sentencing Guidelines, a body of rules and criteria that *Blakely* does not touch.  *See* 124 S. Ct. at 2538 n.9 (finding that "the Federal Guidelines are not before us, and we express no opinion on them"). Consequently, these recent decisions have no bearing on Defendant's case.

For these reasons, Defendant has failed to prove that his counsel was deficient. Defendant is not entitled to any relief in the district court, and summary dismissal is proper.

//

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Petition to

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** \* 8

Vacate, Set Aside, or Correct his Sentence in Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 42) is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, to provide copies to the Defendant, and **close** the file.

**DATED** this 31st day of October, 2005.

s/ ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2003\Garcia-Vasquez\garcia-vasquez.2255.order.wpd

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** \* 9